IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:18CR3034 |
| vs. | |
| JOSHUA Z. DORTCH, | MEMORANDUM AND ORDER |
| Defendants. | |

The following motions are pending and fully submitted:

| | |
|---|---|
| [Filing No. 54](#) and [Filing No. 84](#): | Defendant Dortch's (pro se) Motion for Discovery and Exculpatory Discovery, and his pro se Motion for Disclosure and Production of Exculpatory Evidence. |
| [Filing No. 55](#) and [Filing No. 85](#): | Defendant Dortch's (pro se) Motions for Grand Jury Transcripts. |
| [Filing No. 56](#): | Defendant Dortch's (pro se) Motion for Admittance into Evidence. |
| [Filing No. 72](#): | Defendant Dortch's Motion to Sever the Trials of the defendants. |

For the reasons discussed below, the motion to sever will be granted, and the remaining motions denied.

<u>Motions for Discovery/Disclosure of Exculpatory Information</u>
(Filing Nos. [54](#) and [84](#))

Defendant Dortch demands that the government produce all discovery and all <u>Brady</u> material to which he is entitled. The government states it has fully

complied with Fed. R. Crim. P. 16 and it understands the continuing obligation to do so. (Filing No. 87). Moreover, when a defendant moves for production of Brady materials allegedly withheld by the government, the defendant must make a preliminary showing demonstrating that the information requested is exculpatory. U.S. v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985). Defendant has failed to make any such showing.

Defendant's motions for orders requiring the government to produce all discovery and all Brady material, (Filing Nos. 54 and 84), will be denied.

## Motions for Grand Jury Transcripts
(Filing Nos. 55 and 85)

Dortch requests a copy of the grand jury proceedings. A defendant seeking disclosure of grand jury materials bears the burden of presenting a "strong showing of particularized need" for these materials. United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983); In re Matter of Disclosure of Testimony Before the Grand Jury, 580 F.2d 281, 286 (8th Cir. 1978). A party demonstrates particularized need where: (1) the material is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the material needed. Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979).

Defendant states he needs the grand jury transcripts "for the defendant's defense purposes." (Filing No. 55). See also, Filing No. 85. This conclusory statement falls far short of establishing any particularized need for disclosing grand jury transcripts. Defendant's motions for production of the grand jury transcripts, (Filing Nos. 55 and 85), will be denied.

2

## Motion for Admittance into Evidence
(Filing No. 56)

Defendant moves for an order stating certain information is received into evidence. Defendant explains that on the day of his arrest, his picture was taken in his white Nike tennis shoes by Detective J. Armstrong of the Lincoln Police Department, and a hairbrush, a Snapple drink, and clothes were inventoried and documented in the evidence log. Defendant claims this evidence will be the subject of testimony by a defense expert and it must be admitted into evidence at this time. The government opposes the motion.

The undersigned magistrate judge will not decide or recommend what evidence will be received at trial. Absent an agreement by the parties, issues of what evidence will be received must await the trial itself, and those issues will be addressed by the presiding district judge. Defendant's motion to admit evidence is premature and will be denied.

## Motion to Sever Defendants
(Filing No. 72)

Defendant claims his codefendant and alleged co-conspirator, Anwar Hunt, has provided statements to the government implicating Dortch as the mastermind behind the robbery at issue. Defendant argues he and Hunt must be separately tried because Hunt's statements will be used against Dortch, Hunt may choose not to testify, and if he does so, Dortch will be unable to confront Hunt's statements through cross-examination. Dortch argues that a joint trial with Hunt will violate Dortch's rights under the Confrontation Clause. (Filing No. 74, at CM/ECF pp. 1-3).

Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003). But even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge may order severance if joinder at trial will prejudice the defendant. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

Where one codefendant implicates another codefendant in a pretrial confession and that confession is admissible at trial, severance of the codefendants trials is necessary. Bruton v. United States, 391 U.S. 123 (1968). In Bruton, the Supreme Court held that in a trial where two or more defendants are tried jointly, the admission of a nontestifying codefendant's confession that expressly implicates the defendant violates the defendant's Sixth Amendment confrontation rights—even if the district court gives the jury limiting instructions to consider the confession as only against the codefendant who confessed. Id. at 126; United States v. Escobar, 50 F.3d 1414, 1422 (8th Cir.1995) (applying Bruton).

Here, the government concedes that "[p]art of Hunt's statement implicates himself as well as Dortch in the Sartor Hamann robbery." (Filing No. 87, at

4

CM/ECF p. 5). As a result, counsel for Dortch and the government agree severance is necessary because a joint trial of Dortch and Hunt will violate Dortch's rights under the Sixth Amendment as more fully explained in Bruton. The court also agrees.

Accordingly,

IT IS ORDERED:

1) Defendant's motions, (Filing Nos. 54, 55, 56, 84 and 85), are denied.

2) Defendant's motion to sever, (Filing No. 72), is granted, and Defendants Hunt and Dortch will be tried separately.

September 27, 2018

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge