IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>vs.<br><br>JOSHUA Z. DORTCH,<br><br>  Defendant. | **4:18CR03034**<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Defendant filed three motions arising from the search of his cellphone. First, Defendant moved the court for an order "dismissing the Indictment in this case based on the actions of law enforcement in the gathering, handling and tampering with evidence in this case." (Filing No. 150). As an alternative, Defendant has moved the court for an order "excluding the use of evidence at the time of trial…" (Filing No. 151). Finally, the defendant has moved the court "to suppress the use of any evidence from the ZTE cellphone as law enforcement accessed that cellphone prior to the issuance of a court-authorized search warrant for that phone…" (Filing No. 152).

For the reasons discussed below, each of these motions should be denied.

### STATEMENT OF FACTS

After hearing the testimony, observing the witnesses, and reviewing the documentary and video evidence, the undersigned magistrate judge finds the following facts are credible.

The background of this case was set forth in the prior Findings, Recommendation, and Order. (Filing No. 105). Those facts will be repeated below only as needed for context. The following facts pertain to the motions currently pending.

Defendant was arrested on March 23, 2018. At the time of his arrest, his cellphone was removed from his pocket before he was placed in the rear seat of a patrol vehicle. The phone was then logged into the Lincoln Police Department (LPD) property room under the number Q1807807, along with a black trash bag, a roll of white paper towels, a glass Snapple Raspberry tea bottle, and a pink hair brush.

Sergeant Justin Armstrong checked the phone out of the property room on March 28, 2018 for the purpose of obtaining the International Mobile Equipment Identity (IMEI)[1] number from the phone and determining whether the phone was previously reported as stolen. Sergeant Armstrong removed the battery from the phone to locate the IMEI number displayed under the battery. After recording the number, he then checked the phone back into the property room.

On March 29, 2018, LPD Investigator Tim Cronin checked out property number Q1807807 to examine only the trash bag. Investigator Cronin had no contact with the phone. After completing the examination, the property was checked back into the property room.

On April 2, 2018, LPD ID Lab Specialist Jim Betts checked the property out to conduct a forensic exam on the trash bag, however, he returned the property

---

[1] The International Mobile Equipment Identity (IMEI) number is a number unique to a specific cellphone.

after being informed a portion of the property, the phone, was needed for the warrant. Specialist Betts did not have contact with the phone.

On April 3, 2018, United States Magistrate Judge Susan M. Bazis authorized a warrant for the search of the black ZTE cellphone. On April 3, 2018, after the warrant was issued, Sergeant Armstrong checked out the phone to turn it over to the FBI. FBI Special Agent John Hallock ("Hallock") took possession of the phone and took it to his Omaha office to search it. Hallock was unable to successfully download the contents of the phone using Cellebrite software. He instead completed a manual review of the phone by scrolling through it. With the assistance of FBI Forensic Examiner John Henri Ewerth, photographs were taken of the phone's screen using an FBI Cannon EOS Rebel T5 digital camera. Ewerth did not attempt to do a Cellebrite download.

The photographs taken show the phone was in airplane mode[2] with a date on the home screen of March 28, 2018. The metadata[3] from the photos conflict with the phone's home screen date, instead showing they were taken using the Cannon EOS Rebel T5 digital camera on April 3, 2018. While manually reviewing the phone, Hallock inadvertently made eight outgoing calls to a phone number known to be assigned to an iPhone 8 belonging to Defendant's alleged co-conspirator. That iPhone 8 was in the custody of law enforcement at the time.

Hallock does not know how the inadvertent phone calls were placed. Those calls register on the cellphone as being made on March 28, 2018, but Hallock did not have the phone in his possession until April 3, 2018. Uncovered in the search

---

[2] Airplane mode suspends radio-frequency signal transmission by a device, resulting in the phone failing to connect to the cellular network or cellular towers to send or receive calls or MMS/SMS (text) messages.
[3] Metadata is data providing information about other data. Here, the metadata of the photos of the cellphone screen show the photos were taken on April 3, 2018, while the screen on the cellphone shows a date of March 28, 2018.

3

of the cellphone were four phone numbers called from the phone and mobile applications[4] for the Lincoln Police Department, Lincoln Fire Department, and Lancaster County Sheriff's Office 911 Dispatch.

The motions currently before the court originate from the photos taken of the cellphone screen described above which bear the date of March 28, 2018, as well as the eight phone calls which the phone shows were made on March 28, 2018. This information, coupled with the chain of custody information which disclosed Sergeant Armstrong checked out the property, including the phone, on March 28, 2018, led Defendant to believe the cellphone was searched on March 28, 2018, before the warrant was issued. As a result, Defendant retained Dan Meinke, EnCE of Computer Forensic Services located in Sioux Falls, South Dakota, to conduct a review of the phone.

On February 26, 2019, Meinke testified that he was successful in performing a forensic data extraction on the cellphone with Cellebrite software. During the February 26, 2019 extraction, the phone displayed a date of March 22, 2018.

Defendant now seeks to dismiss the case based on "outrageous government conduct", or as an alternative to exclude or suppress evidence based on the claim that the phone was searched prior to the issuance of the warrant. (Filing No. 150, at CM/ECF p. 1).

Due to the date discrepancies on the cellphone's display, the court asked if cellphone billing records were available, believing those records would show the actual date when Hallock made the eight inadvertent phone calls while trying to search the phone. The parties filed a stipulation in lieu of providing the cellphone

---

[4] Also known as a mobile "app."

4

records on August 23, 2019, closing the evidence as of that date. (Filing No. 171). The parties stipulate that the billing records do not show any calls made on either March 28, 2019 or on April 3, 2019. But the stipulation also explains that calls would be listed on a billing record only if made by accessing a cell tower. Calls made through an internet connection do not appear on billing records.

ANALYSIS

Defendant's three motions are based upon his claim that officers performed an unlawful search of his cellphone before the warrant was issued on April 3, 2018.

I.      Motion to Suppress

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.  "It is clear that a physical intrusion or trespass by a government official constitutes a search within the meaning of the Fourth Amendment." United States v. De L'Isle, 825 F.3d 426, 431 (8th Cir. 2016)(citing United States v. Jones, --- U.S. ---, 132 S.Ct. 945, 949, 181 L.Ed.2d 911 (2012)). But "[a] search is reasonable if the officer has a valid search warrant or if the search fits within a specific warrant exception." Id. A warrant is generally required, before searching a cellphone, even when the phone is seized incident to an arrest. Riley v. California, 573 U.S. 373, 401(2014). There are exceptions to this general rule, but none of them were raised by the Government or relevant to this case.

The narrow issue to be decided is whether the phone was searched before or after the warrant was issued on April 3, 2018. The validity and sufficiency of the warrant are not contested in any of Defendant's motions.

5

As stated above, Defendant claims his cellphone was searched before the warrant was issued based on the telephone's listed date of the eight accidental calls and the date appearing on the home screen of the phone when photos of the phone were taken. The Government argues the phone was not searched before the warrant was issued, explaining the phone was simply displaying the wrong date--March 28, 2019--when the phone calls were placed and the phone was photographed.

Based on the metadata of the FBI's photos taken of the phone's home screen, the phone was searched on April 3, 2018. And the phone's displayed date discrepancy is corroborated by the fact that the phone also displayed an incorrect date and time when Defendant's expert was performing his investigation. Meinke, the Defendant's own expert, testified that when he extracted data from the phone using the Cellebrite software on February 26, 2019, the phone showed the incorrect date of March 22, 2018.

Neither the Government's expert nor Defendant's expert was able to testify as to what specifically caused the phone's inaccurate date and time display. A cellphone's date and time function may become inaccurate when the phone's radio-frequency is suspended. Actions which suspend the radio-frequency include removing the phone's battery, a dead phone battery, placing the phone in airplane mode, and wrapping the phone in foil for storage. Defendant's expert stated he cannot say with certainty when the eight phone calls were made. The Cellebrite data the Defendant's expert extracted listed the date of the eight phone calls as March 28, 2018, however that date was based solely on the date displayed on the phone.

The cellphone seized from Dortch provides no credible evidence of when Hallack placed the eight inadvertent calls, and the date displayed on the photographed home screen is not credible. Therefore, the phone's internal date records cannot be relied on to contradict the credible testimony of the testifying law enforcement officers. Based on that credible testimony, I find the cellphone was not searched before a warrant was obtained on April 3, 2019. The cellphone search did not violate the Fourth Amendment.

The Government filed a supplemental response to Defendant's motion to suppress laying out an alternative argument based on inevitable discovery for why the evidence should not be suppressed. (Filing No. 165). Due to the finding that Defendant's motions should be denied on other grounds, it the court need not and has not considered the Government's alternative argument.

II    Motion to Dismiss and Motion to Exclude

Defendant's motion to exclude and his motion to dismiss are both predicated on finding there was an unlawful search of his cellphone on March 28, 2018. Since the cellphone search did not violate the Fourth Amendment, there is no evidence to exclude and no basis for dismissing this case due to "outrageous government conduct" or even improper conduct by law enforcement.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendants' motion to suppress (Filing No. 152), the motion to dismiss, (Filing No. 150), and motion to exclude, (Filing No. 151), be denied in their entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, Chief United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on October 28, 2019, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

Dated this 20th day of September, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge